IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re:<br><br>SATURN CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 16-12421 (TJC) |

**APPLICATION OF THE DEBTOR AND
DEBTOR-IN-POSSESSION FOR AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF COLE SCHOTZ P.C. AS BANKRUPTCY
COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

The above captioned Debtor and Debtor-in-Possession hereby applies, pursuant to Sections 327(a), 329, 330 and 1107 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an Order authorizing the retention and employment of Cole Schotz P.C. ("Cole Schotz" or the "Firm") as counsel to the Debtor, *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtor relies upon the Affidavit of Gary H. Leibowitz (the "Leibowitz Affidavit"), attached hereto as **Exhibit A.** In further support of this Application, the Debtor respectfully states as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the Debtor's tax identification number are 9452.

3. The statutory predicates for the relief requested herein are Sections 327(a), 329, 330 and 1107 of the Bankruptcy Code. Such relief is also warranted under Bankruptcy Rules 2014 and 2016.

## Background

A. **General Background**

4. On February 28, 2016 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.

5. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. No official committee of unsecured creditors has been appointed.

7. No request for a trustee or examiner has been made in this Chapter 11 case.

B. **Overview of the Debtor's Business**

8. Saturn Corporation (the "<u>Debtor</u>") is a corporation formed under the laws of the State of Maryland. The Debtor is in the business of database management for non-profit and membership organizations. A more detailed description of the Debtor's business and the facts precipitating the filing of the Debtor's bankruptcy case are set forth in the Affidavit of Fielding W. Yost in Support of First-Day Motions, filed on February 28, 2016. Those facts are incorporated herein by reference.

## Relief Requested

9. By this Application, the Debtor seeks authority to retain and employ Cole Schotz as its bankruptcy counsel in connection with the preparation, filing, and prosecution of its Chapter 11 case, effective as of the Petition Date.

**Basis For Relief Requested**

10. Under Section 327(a) of the Bankruptcy Code, a debtor-in-possession, with the Court's approval, may employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor-in-possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

> (a) is not a creditor, an equity security holder, or an insider;
>
> (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor, and
>
> (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

Id. § 101(14).

11. Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under Section 327 of this title by a debtor-in-possession solely because of such person's employment or representation of the debtor before the commencement of the case." Id. § 1107(b).

**A. Cole Schotz's Qualifications**

12. The Debtor seeks to retain Cole Schotz as its bankruptcy counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights under Chapter 11 of the Bankruptcy Code.

13. Cole Schotz is also familiar with many of the potential legal issues which may arise in the context of this Chapter 11 case. Specifically, during Cole Schotz's prepetition representation of the Debtor, the Firm worked intensely and closely with the Debtor's management to prepare the Chapter 11 petition, "first-day" motions, and plan for a successful

reorganization. Cole Schotz has devoted a significant level of resources to such efforts. Accordingly, Cole Schotz has the necessary background and knowledge to represent the Debtor in its Chapter 11 case in an effective and efficient manner.

**B.     Services to be Provided by Cole Schotz**

14.     Cole Schotz was retained by the Debtor for the preparation, filing, and prosecution of this Chapter 11 case. As set forth in the Firm's engagement letter with the Debtor, dated February 18, 2016 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit B**, subject to Court approval, the services that Cole Schotz may render to the Debtor may include the following:

(a)     Advising the Debtor of its rights, powers and duties as a debtor-in-possession in continuing to operate and manage its business;

(b)     Advising the Debtor concerning, and assisting in negotiation and documentation of, financing agreements, cash collateral orders and related transactions;

(c)     Reviewing the nature and validity of agreements relating to the Debtor's business and properties and advising the Debtor in connection therewith;

(d)     Reviewing the nature and validity of liens, if any, asserted against the Debtor and advising as to the enforceability of such liens;

(e)     Advising the Debtor concerning the actions the Debtor might take to collect and recover property for the benefit of its estate;

(f)     Preparing, on the Debtor's behalf, all necessary and appropriate applications, motions, pleadings, orders, notices, schedules and other documents, and reviewing all financial and other reports prepared by the Debtor for filing in the Debtor's Chapter 11 case;

(g)     Advising the Debtor concerning, and preparing responses to, applications, motions, pleadings, notices and other papers which may be filed in the Debtor's Chapter 11 case;

(h)     Counseling the Debtor in connection with the formulation, negotiation and promulgation of Chapter 11 plans and related documents; and

(i)     Performing all other legal services for and on behalf of the Debtor which may be necessary or appropriate in the administration of its Chapter 11 case and the Debtor's business and properties.

4

15. Cole Schotz's engagement does not include any representation of the Debtor in pending litigation or other matters outside of the Bankruptcy Court.

**C.    Payment of Fees and Expenses**

16. Subject to the Court's approval of this Application, Cole Schotz will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered and seek reimbursement of actual and necessary out-of-pocket expenses upon the filing of appropriate applications for final compensation and reimbursement pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules").

17. The current rates of Cole Schotz members, associates and paralegals are as follows:

| | |
|---|---|
| Members | $425.00 to $850.00 per hour |
| Special Counsel | $410.00 to $520.00 per hour |
| Associates | $195.00 to $450.00 per hour |
| Paralegals | $165.00 to $270.00 per hour |
| Litigation Support Specialists | $275.00 to $375.00 per hour |

The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to compensate fairly the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Cole Schotz has informed the Debtor that its hourly rates are subject to periodic adjustment from time to time in accordance with the Firm's established billing practices and procedures.

18. The current rates of the Cole Schotz member and associate expected to perform significant work in this case are:

| | |
|---|---|
| Gary H. Leibowitz, Member | $510.00 per hour |
| Jonathan A. Grasso, Associate | $290.00 per hour |

19. In addition to the hourly rates set forth above, it is Cole Schotz's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases. The expenses charged to clients include, among other things, telephone and telecopier (outgoing only) toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, computerized research, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. Cole Schotz will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and the Local Rules. The Debtor respectfully submit that the rates and charges set forth above are reasonable.

20. Prior to the Petition Date, Cole Schotz received a retainer totaling $30,000.00, in connection with planning and preparation of initial documents for the Debtor's Chapter 11 case, as well as the representation of the Debtor in this Chapter 11 case. The Debtor was supposed to fund an additional $20,000 retainer, but the case was filed before it was able to make the payment. To date, $20,238.88 in fees and expenses have been applied to outstanding balances existing as of the Petition Date. The remaining $9,761.12 constitutes a retainer as security for Cole Schotz's postpetition services. The Firm's statement, pursuant to Bankruptcy Rule 2016(b) and Section 329 of the Bankruptcy Code, of the compensation paid for services rendered by Cole Schotz in the one year period preceding the Petition Date, and the source of such compensation, is set forth in the Leibowitz Affidavit.

**D.    Cole Schotz's Disinterestedness**

21. As described in detail in the Leibowitz Affidavit, Cole Schotz has conducted an extensive search of its conflict database with respect to the Debtor and a list of parties-in-interest and potential parties-in-interest in this Chapter 11 case. The scope of that conflicts search is set

6

out on **Exhibit 1** to the Leibowitz Affidavit and the results of the conflicts search are set forth on **Exhibit 2** to the Leibowitz Affidavit.

22. In reliance on the Leibowitz Affidavit, the Debtor believes that, except as set forth in the Leibowitz Affidavit: (i) Cole Schotz has no connection with the Debtor, its creditors, or any other party in interest in this Chapter 11 case or its respective attorneys and accountants; (ii) Cole Schotz is not a creditor, equity security holder, or insider of the Debtor; (iii) Cole Schotz is not and was not, within 2 years of the Petition Date, a director, officer, or employee of the Debtor; and (iv) Cole Schotz does not have an interest materially adverse to the Debtor, its estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason. Accordingly, the Debtor believes that Cole Schotz is a "disinterested person," as defined in Section 101(14) of the Bankruptcy Code and as required by Section 327(a) of the Bankruptcy Code.

23. Cole Schotz has informed the Debtor that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Cole Schotz will supplement the Leibowitz Affidavit with the Court.

24. Cole Schotz has informed the Debtor that it has not shared or agreed to share any compensation received in connection with this Chapter 11 case with any entity other than its members, counsel or associates in accordance with Section 504(b) of the Bankruptcy Code.

## Notice

25. Notice of this Application has been given to the following parties or to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtor's secured lenders; and (iii) the parties identified on the Debtor's List of 20 Largest Unsecured Creditors.

The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

26. No previous request for the relief sought in this Application has been made to this or any other Court.

## Waiver of Memorandum

27. Pursuant to Rule 9013-2 of the Local Rules, the Debtor states that, in lieu of submitting a memorandum in support of this Application, it will rely solely upon the grounds and authorities set forth herein.

WHEREFORE, based on the facts and disclosures above, the Debtor respectfully requests that the Court enter an Order granting the Application and authorizing the Debtor to employ Cole Schotz as its bankruptcy counsel, *nunc pro tunc* to the Petition Date, on the terms and conditions set forth in this Application and the Engagement Letter and granting such other and further relief as the Court deems just and proper.

Dated: February 29, 2016                                  Respectfully submitted,

                                                          SATURN CORPORATION


                                                          By: /s/ Fielding W. Yost
                                                              Fielding W. Yost
                                                              President

8