# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| In re: | Chapter 11 |
| SATURN CORPORATION,[1] | Case No.: 16-12421 (TJC) |
| Debtor. | |

### DEBTOR'S OBJECTION TO SOLITA HARRINGTON'S PROOF OF CLAIM NUMBER 11 PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007

Saturn Corporation (the "Debtor"), through its undersigned counsel, and pursuant to Section 502(b) of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1, hereby objects to Solita Harrington's Proof of Claim No. 11. In support of this Objection, the Debtor states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is Section 502(b) of the Bankruptcy Code. Such relief is also warranted under Bankruptcy Rule 3007 and Local Rule 3007-1.

### Relevant Facts

4. On February 28, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

---

[1] The last four digits of the Debtor's tax identification number are 9452.

5. This Court issued a notice in this case establishing July 5, 2016 as the deadline for non-governmental entities to file proofs of claim against the Debtors.

6. On March 30, 2016, the Debtor filed its schedules (the "Schedules") and statement of financial affairs. The Schedules list Solita Harrington as a creditor with a disputed claim in an unknown amount.

7. On April 13, 2016, the Debtor filed a Notice of Claims Scheduled as Disputed, Contingent, or Unliquidated Pursuant to Local Bankruptcy Rule 2018-1 (the "Notice of Disputed Claims"). The Notice of Disputed Claims informed Solita Harrington ("Harrington") of the disputed nature of her claim against the Debtor.

8. On April 22, 2016, Harrington filed proof of claim number 11 in this case. On May 24, 2016, Harrington filed an amended proof of claim in this case (the "Proof of Claim"). A copy of the Proof of Claim is attached hereto and incorporated herein as **Exhibit 1**. The Proof of Claim seeks an allowed claim in the amount of $15,000,000, and merely states "Employment" as the basis for such claim. The Proof of Claim also seeks allowance as both a secured and an unsecured claim. The only documentation provided in support of the Proof of Claim is an Order of the Circuit Court for Prince George's County denying Fielding W. Yost's Motion to Dismiss for Failure to State a Claim. Harrington's Complaint filed against the Debtor Fielding W. Yost (the "Complaint"), is stayed with respect to the Debtor, and Harrington has not sought relief from the stay. The state court proceeding is still pending before the Circuit Court for Prince George's County (the "State Court Case") with respect to Mr. Yost. The Complaint seeks damages for alleged wrongful termination and defamation, although it fails to provide facts sufficient to prove the elements of such causes of action, and no such facts exist.

9. While Harrington worked as a temporary employee for the Debtor from January 29, 2014 through March 12, 2014 (a total of 42 days), and then on a full-time basis from March 18, 2014 until she was terminated on May 26, 2015 (a total of 59 days), she does not have a valid claim against the Debtor. Harrington was rightfully terminated by the Debtor because, among other reasons, she was confrontational with her supervisors and other employees of the Debtor, and she performed poorly on the tasks she was required to perform.

## Relief Requested

10. By this Objection, the Debtor seeks the entry of an Order disallowing and expunging the Proof of Claim.

## Basis for Relief

11. A creditor has a claim against the Debtor's estate only to the extent that such creditor has a "right to payment" for the asserted liability as of the Petition Date and such claim is otherwise allowable. 11 U.S.C. §§ 101(5), 101(10) and 502(a).

12. Section 502(b) of the Bankruptcy Code prescribes the grounds on which a proof of claim may be disallowed and provides, in relevant part:

> [T]he court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

13. A proof of claim generally constitutes *prima facie* evidence of the validity and amount of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). A claim, however, should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under

any agreement or applicable law.  11 U.S.C. § 502(b)(1).  If an objection is made to the proof of claim, the claimant has the ultimate burden of persuasion as to the validity and amount of the claim.  See In re Harford Sands, Inc., 372 F.3d 637, 640 (4th Cir. 2004); In re Herron, 381 B.R. 184, 189 (Bankr. D. Md. 2008).  Accord In re Allegheny Int'l, Inc., 954 F.2d 167, 174 (3d Cir. 1992); In re Fidelity Mortgage Holding Co., Ltd., 837 F.2d 696, 698 (5th Cir. 1988).

**A.     No Liability**

14.     The Debtor submits that the disputed Proof of Claim does not meet the standards for *prima facie* validity and such claim, therefore, should be disallowed and expunged.  This relief is necessary to prevent Harrington from obtaining an unjust recovery for which the Debtor is not liable.

15.     Harrington alleged no evidence in support of the elements necessary to recover for her claims for wrongful termination, defamation, discrimination, harassment under applicable non-bankruptcy law, and she failed to identify any action, actor and/or date of conduct that form the basis of her claims.

16.     Furthermore, the Debtor was justified in terminating Harrington, an at-will employee, based on her conduct in the workplace and poor performance.  See Samuels v. Tschechtelin, 135 Md.App. 483, 525 (2000) ("As the designation implies, an employer may ordinarily terminate an at-will employee at any time, for almost any reason or for no reason.") (citations omitted).  Also, all statements made by the Debtor regarding the grounds for Harrington's termination are true and therefore cannot be defamatory.  See Gladhill v. Chevy Chase Bank, F.S.B., 2001 WL 894267, at *10 (Md. Ct. Spec. App. Aug. 1, 2001) ("[A] true statement cannot support an action for defamation.").  In addition, statements made in defense of

an unemployment claim by the employer in an administrative proceeding are not subject to defamation claims.

17. Therefore, Harrington has no claim against the Debtor relating to her claims in the Proof of Claim.

**B.    Overstated Claim**

18. To the extent Harrington is found to have a meritorious claim against the Debtor relating to her Complaint, which the Debtor denies, Harrington cannot prove damages anywhere near the amount sought in the Proof of Claim. Again, Harrington's Complaint failed to identify how she was damaged or quantify such alleged damages.

19. Therefore, Harrington's claim against the Debtor and the Debtor's estate should be reduced to any actual damages determined by trier of fact.

**Reservation of Rights**

20. The Debtor reserves the right to (a) amend, modify or supplement this Objection, (b) file additional objections to any other claims (filed or not) which may be asserted against the Debtor and/or (c) seek further reduction of any claim to the extent such claim has been paid. Additionally, should one or more of the grounds of objection stated in this Objection be dismissed, the Debtor reserves his rights to object on other stated grounds or on any other grounds that are discovered during the pendency of this case.

**Procedure for Responding to this Objection**

21. WITHIN THIRTY (30) DAYS AFTER THE DATE ON THE CERTIFICATE OF SERVICE OF THIS OBJECTION, THE CLAIMANT MAY FILE AND SERVE A MEMORANDUM IN OPPOSITION, TOGETHER WITH ANY DOCUMENTS AND OTHER

EVIDENCE THE CLAIMANT WISHES TO ATTACH IN SUPPORT OF ITS CLAIM UNLESS THE CLAIMANT WISHES TO RELY SOLELY ON THE PROOF OF CLAIM.

22. AN INTERESTED PARTY MAY REQUEST A HEARING THAT WILL BE HELD AT THE COURT'S DISCRETION.

### Notice

23. Pursuant to Bankruptcy Rules 3007 and 5005 and Local Rule 3007-1, the Debtor is serving a copy of this Objection upon: (i) the claimant at the address shown on the Proof of Claim; (ii) counsel for the claimant (if applicable); and (iii) parties who have requested notices of all pleadings in this Case; (iv) the United States Trustee; and (v) Counsel for the Committee. The Debtor submits that no other or further notice is necessary or required.

### Bankruptcy Rule 3018 Notice

Due to this Objection to the Proof of Claim, if Harrington wishes to have her claim allowed for purposes of voting on the Plan, she must serve on the Debtor and file with the Court on or before **October 14, 2016**, a motion for an order pursuant to Bankruptcy Rule 3018(a) requesting that the Court temporarily allow such claim for purposes of voting. Such motion must set forth with particularity the amount and classification by which Harrington believes her Claim should be allowed for voting purposes and the evidence to support her belief. A motion pursuant to Bankruptcy Rule 3018(a) would be independent from any response Harrington may wish to file to this Objection.

WHEREFORE, the Debtor respectfully requests that the Court: (i) sustain this Objection; (ii) enter the Proposed Order accompanying this Objection; and (iii) grant the Debtor such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| Dated: September 30, 2016 | */s/ Gary H. Leibowitz* <br> Gary H. Leibowitz (Bar No. 24717) <br> Jonathan A. Grasso (Bar No. 19278) <br> Cole Schotz P.C. <br> 300 East Lombard Street, Suite 1450 <br> Baltimore, Maryland  21202 <br> 410-230-0660 <br> 410-230-0667  Facsimile <br> gleibowitz@coleschotz.com <br> jgrasso@coleschotz.com <br><br> *Attorneys for Saturn Corporation* |

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 30th of September, 2016, a copy of the foregoing Debtor's Objection to Solita Harrington's Proof of Claim Number 11 Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, was served in the manner indicate on the attached Service List.

                                                              */s/ Gary H. Leibowitz*
                                                             Gary H. Leibowitz

## SERVICE LIST

| **Via First-Class Mail** | |
|---|---|
| Solita Harrington<br>7928 Glenarden Parkway, #333<br>Lanham, MD 20706 | |

| **Via CM/ECF** | |
|---|---|
| Lynn A. Kohen, Esquire<br>Office of the U.S. Trustee<br>6305 Ivy Lane, Suite 600<br>Greenbelt, MD 20770 | Wayne Wyvill<br>c/o James M. Greenan, Esquire<br>Steven L, Goldberg, Esquire<br>McNamee, Hosea, Jernigan<br>Kim, Greenan & Lynch, P.A.<br>6411 Ivy Lane, Suite 200<br>Greenbelt, MD 20770 |
| Official Committee of Unsecured Creditors<br>c/o Sharon Oras Morgan<br>Fox Rothschild LLP<br>919 North Market Street, Suite 300<br>Wilmington, DE 19899-2323 | Official Committee of Unsecured Creditors<br>c/o Joshua T. Klein, Esquire<br>Fox Rothschild LLP<br>2000 Market Street, Twentieth Floor<br>Philadelphia, PA 19103-3222 |
| 360 Equipment Finance, LLC<br>c/o Dennis D. Dressler, Esquire<br>Dressler & Peters, LLC<br>70 W. Hubbard Street, suite 200<br>Chicago, IL 60654 | Experian Marketing Solutions, Inc.<br>c/o Joseph D. Frank, Esquire<br>Reed Heiligman, Esquire<br>FrankGecker LLP<br>325 N. LaSalle Street, Suite 625<br>Chicago, IL 60654 |