IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SOLITA D. HARRINGTON, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. PX 17-656 |
| SATURN CORPORATION, | * | |
| Appellee. | * | |

******

## MEMORANDUM OPINION

Pending before the Court in this bankruptcy appeal is a "Motion for Extension of Time to File Appellant Brief" filed by Appellant Solita D. Harrington who is proceeding *pro se*, ECF No. 11, and Appellee's Request for Dismissal under Local Rule 404.3 and Federal Bankruptcy Rule 8003.

Appellant challenges on appeal the Bankruptcy Court's March 8, 2017 order granting Appellee-Debtor Saturn Corporation's ("Appellee-Debtor") objection to a proof of claim. *See* ECF No. 1-1. The designation of record for the appeal was docketed on April 7, 2017, providing Appellant with thirty days to file her brief. *See* ECF No. 3. After this Court granted Appellant's motion for extension of time, *see* ECF No. 5, Appellant filed a motion on June 15, 2017 which she styled "Motion to Resolve the Case Without Filing a Brief," in lieu of filing the required brief, *see* ECF No. 6. The Court denied this Motion on July 12, 2017, and directed Appellant to file her brief by August 2, 2017, or risk dismissal of the appeal. *See* ECF No. 9. This deadline has now passed and Appellant has not filed a brief. Instead, Appellant filed a second Motion for Extension of Time on August 1, 2017, requesting an additional six months because Appellant is "still experiencing medical problems" and requires time to "recover from medical reasons." *See*

1

ECF No. 10. Appellant has also failed to file a statement of the issues she wishes to raise on appeal. *See* Fed. R. Bankr. P. 8009(a)(1). On August 7, 2017, Appellee opposed Appellant's Motion for an Extension of Time to File and submitted a Request for Dismissal under Local Rule 404.3 and Federal Bankruptcy Rule 8003. *See* ECF No. 11.  Appellant filed a Reply to Appellee's Request on August 22, 2017, including an attachment purporting to support her Motion for Extension of Time. *See* ECF No. 12.

Bankruptcy Rule 8018(a)(1) requires Appellant to "serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). Local Rule 404.3 permits the Court to dismiss an appeal for "fail[ure] to serve and file a brief within the time required by Bankruptcy Rule 8018." *See* Loc. R. 404.3 (D. Md. 2016). Also, pursuant to Bankruptcy Rule 8003(a)(2), "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003 (formerly cited as Rule 8001; Rule 8004); *accord In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992) ("Under the language of [Rule 8003, formerly] Rule 8001, it is clear that the district court has within its discretion the power to impose sanctions including dismissal upon an appellant for not complying with the procedural requirements of the bankruptcy rules.").

This Court has recognized that "dismissal for failure to file a brief is a 'harsh sanction' that should not be 'imposed lightly.' " *Andresen v. Rosen*, No. PJM-05-3164, 2006 WL 4550187, at *2 (D. Md. Sept. 26, 2006) (quoting *Serra Builders*, 970 F.2d at 1311). In determining whether a Rule 8003 dismissal is appropriate, a district court must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and

an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re SPR Corp.*, 45 F.3d 70, 72 (4th Cir. 1995) (quoting *Serra Builders*, 970 F.2d at 1311). "[A]lthough the *Serra Builders* test literally only required the district court to take one of the four steps, a proper application of its test will normally require a district court to consider and balance all relevant factors." *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) (internal citation and quotation marks omitted). Where the appellant has failed to file a brief in a timely manner, dismissal is appropriate only "after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties." Local Rule 404.3 (D. Md. 2016).

Without an appellate brief for the Court's consideration, the Court cannot adjudicate the appeal, and Appellee-Debtor will be prejudiced by a lack of notice as to the issues to be resolved. The prejudice to the Appellee-Debtor is exacerbated because Appellant's procedural failure is simultaneously delaying the underlying bankruptcy proceeding. *See Brandeen v. Liebmann*, No. BR 15-24248-JS, 2017 WL 1398266, at *2 (D. Md. Apr. 19, 2017) (dismissal warranted where appellant's failure to file an appellate brief caused excessive delay in bankruptcy proceeding).

Further, Appellant's failure to comply with the Court's July 12, 2017 Order, "burdens the Court's docket, unnecessarily delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice." *McDaniel v. Fed. Nat. Motg. Ass'n*, No. RWT 14-CV-0626, 2015 WL 1522942 at *3 (D. Md. Mar. 31, 2015). Appellant's procedural failures have also delayed the underlying bankruptcy proceeding and harmed legitimate creditors in this case. *See* ECF No. 11 at 6; *Brandeen*, 2017 WL 1398266, at *2. The Court also notes that Appellant failed to appear for at least three depositions in the underlying bankruptcy and state

3

court cases, and sought at least three additional postponements, all based on medical issues, emergencies, or other crises. *See* ECF No. 1-3; ECF No. 11 at 4.

In her August 1, 2017 motion, and despite her prior experience in seeking continuances, Appellant did not provide any corroborative information such as a doctor's letter or medical records to support her request for an additional *half-year* postponement in filing her brief. *See* ECF No. 10. Three weeks later, Appellant submitted an incomplete form letter from an unknown office dated August 2, 2017, implying that Appellant has sought treatment for an undisclosed ailment. *See* ECF No. 12-1. Appellant's delinquent August 22, 2017 filing is insufficient to support her Motion. Although the Court acknowledges the difficulties in appearing *pro se* and appreciates the necessity of postponements for medical problems, Appellant has "consistently disregarded procedural rules without providing reasonable excuse or explanation for their neglect." *Tekmen v. John E. Harms, Jr. & Assocs., Inc.,* 2011 WL 5061874, at *5 (D. Md. Oct. 25, 2011). The Court has given Appellant ample opportunity to file a statement of the issues that she wishes to raise on appeal and a brief, and Appellant has submitted neither. *See* ECF. No. 9.

In the Court's last Order, the Court warned Appellant that failure to file an appellate brief by August 2, 2017 would result in dismissal of her appeal pursuant to Bankruptcy Rule 8003(a)(2) and Local Rule 404.3. *See* ECF No. 9. Appellant not only failed to file her brief, but also failed to justify a six-month filing extension; a fatal shortcoming in light of the serious prejudice that the requested delay would visit on Appellee. Accordingly, Appellant's Motion for Extension of Time to File Appellant Brief, ECF No. 10, is DENIED, and Appellee's Request to Dismiss the Appeal, ECF No. 11, is hereby GRANTED. The Appeal, ECF No. 1, is DISMISSED. A separate Order follows.

| | |
|---|---|
| 8/23/2017 | /S/ |
| Date | Paula Xinis<br>United States District Judge |